

**FILED**

JUN 1 9 2012

CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS A. KALIS, | ) | |
| Plaintiff, | ) | |
| Vs. | ) | COMPLAINT |
| MORTON BUILDINGS, INC. | ) | |
| Defendant. | ) | |

Comes now Thomas Kalis, plaintiff, and alleges and states as follows:

### JURISDICTION

1. Thomas Kalis is an adult male over the age of 40 who resides in Tea, South Dakota.

2. Morton Buildings, Inc. is a post frame building construction and sales business with its headquarters in Morton, Illinois and several construction centers operating in South Dakota, including maintaining an office in Sioux Falls, South Dakota.

3. On April 12, 2012, Kalis filed a charge of age discrimination against Morton Buildings, Inc. with the South Dakota Division of Human Rights.

4. On April 20, 2012, Kalis requested and received Notice of Right to Sue from the EEOC.

5. This Court has jurisdiction of this matter pursuant to 28 USCA § 1331 and 29 USCA § 626(e).

## AGE DISCRIMINATION IN EMPLOYMENT
## 29 USC § 621 et seq.

6. Kalis is 59 years old.

7. During the times relevant to this Complaint, Kalis was a Regional Construction Manager for Morton Buildings, Inc.

8. Morton Buildings, Inc. qualifies as an employer within the meaning of the ADEA and has over 100 employees.

9. During his 35 year career with Morton Buildings, Inc., Kalis' performance was regularly evaluated by Morton Buildings, Inc. and he performed in a manner which met or exceeded the Defendant's performance expectations.

10. In 2010, Morton Buildings, Inc. hired a new C.E.O., Jeff Neihouser. Neihouser is younger than Kalis.

11. After Neihouser was hired as C.E.O. of Morton Buildings, Inc., there was a notable reduction in the ages of Morton Buildings, Inc.'s managerial staff as the result of forced retirements and terminations of employees over the age of 55 who were replaced by younger employees.

12. During Neihouser's tenure, Morton Buildings, Inc. did not evaluate, assign or supervise older employees in the same fashion that it assisted and promoted younger employees.

13. During Neihouser's tenure, Morton Buildings, Inc. disciplined and terminated older employees in a different fashion than it disciplined and terminated younger employees.

14. On October 5, 2011, Morton Buildings, Inc. advised Kalis that he was being demoted from the position of regional manager to the position of crew supervisor.

15. The reasons given for Kalis' demotion and job assignment were pretextual and would not have resulted in disciplinary action against a younger employee.

16. When Kalis informed Morton Buildings, Inc. that he was concerned that he would not be able to physically perform the job because of its physical intensity, Morton Buildings, Inc.'s Director of Crews Kevin Potter told Kalis that there was a "witch hunt" for Kalis' job, that Kalis should retire because Kalis was old enough to retire; and that Kalis' retirement was "a good way to go out in the eyes of all the employees who know you." Potter also said, " You know you were forced out, but I cannot talk about that."

17. Kalis refused to retire and was constructively discharged from his employment.

18. Kalis was terminated on November 2, 2011 after receiving a letter from HR that stated that he either resigned or retired.

19. Morton Buildings, Inc. replaced Kalis with an employee who was younger than Kalis.

20. Jeff Neihouser was subsequently terminated by Morton Buildings, Inc. as a result of his performance as C.E.O.

21. But for Kalis' age, he would not have been disciplined, assigned to a crew position, forced out of his job or asked to retire in lieu of termination.

22. Morton Buildings, Inc.'s adverse employment actions against Kalis were intentional, malicious and recklessly indifferent to Kalis' federal rights.

23. As a result of Morton Buildings, Inc's discriminatory actions, Kalis has suffered the following damages:

a loss of wages;

b. loss of employment benefits;

c. severe emotional distress;

d. health related problems caused by stress; and

e. loss of enjoyment of life.

WHEREFORE, the Plaintiff prays for judgment against Defendant as follows:

a. for a trial by jury on the merits of his claim;

b. for compensatory damages in such amount as the evidence at trial may show;

c. for other damages, including but not limited to, those damages allowed by 29

U.S.C. §2626(b), and any other pertinent and applicable statute, rule or regulation,

whether state or federal;

d. for punitive damages in such an amount as the evidence at trial may show; and

e. for costs and disbursements incurred herein, including prejudgment interest

and reasonable attorney fees, and for such other and further relief as the Court may deem

just.

Dated this 18 day of June, 2012.

JOHNSON POCHOP LAW OFFICE

Stephanie E. Pochop
P.O. Box 149
Gregory, SD 57533
Attorney for Plaintiff

4