UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS A. KALIS, | ) | CIV. 12-4108-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO DISMISS |
| MORTON BUILDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Morton Buildings, Inc., moves the court to dismiss Thomas Kalis's complaint in its entirety. Docket 13. Kalis alleges that his employment with Morton was terminated in violation of the Age Discrimination in Employment Act of 1967 (ADEA). Docket 1. Morton argues that Kalis's claim is barred by the limitations period for filing an age discrimination claim or, alternatively, because Kalis failed to exhaust his administrative remedies. Kalis opposes the motion. For the following reasons, Morton's motion is denied.

**FACTUAL BACKGROUND**

The pertinent facts, assuming the allegations in the complaint are true, are as follows:

Kalis is a resident of South Dakota and is over the age of 40. Morton Buildings, Inc. is a construction and sales company with its headquarters in Morton, Illinois. Morton maintains an office in Sioux Falls, South Dakota.[1]

Kalis was employed by Morton for over thirty-five years. During his career, Kalis performed in a manner that met or exceeded Morton's performance expectations.

In 2010, Morton hired Jeff Neihouser as its new CEO. Following Neihouser's hiring, there was a reduction in the ages of Morton's managerial staff as a result of forced retirements and terminations of employees over the age of 55. These managerial employees were replaced by younger individuals. In addition, older employees were consistently treated differently than younger employees with regard to promotions and disciplinary actions.

On October 5, 2011, Kalis was advised that he was being demoted from the position of regional manager to the position of crew supervisor. Kalis informed his supervisors that he was concerned with the physical requirements of his new position. Morton's Director of Crews, Kevin Potter, responded by telling Kalis that "there was a 'witch hunt' for Kalis' job, that Kalis should retire because Kalis was old enough to retire; and that Kalis' retirement was 'a good way to go out in the eyes of all the employees who know

---

[1] Morton is an "employer" within the meaning of the ADEA and has over 100 employees.

you.' " Docket 1 at ¶ 16. Kalis refused to retire, and on November 2, 2011, he received a letter from HR that stated that he either resigned or retired.[2] Thus, Kalis was constructively discharged from his employment with Morton. Kalis was replaced by an employee who was younger than he was.

On April 12, 2012, Kalis filed an Equal Employment Opportunity Commission (EEOC) charge with the South Dakota Division of Human Rights. Kalis received a Notice of Right to Sue from the EEOC on April 20, 2012.

## STANDARD OF REVIEW

Morton argues that the complaint should be dismissed under Rule 12(b)(1) because this court lacks subject matter jurisdiction as a result of Kalis's failure to comply with the ADEA's 180-day limitations period. The ADEA's administrative deadline, however, is "not a jurisdictional prerequisite; rather, it is treated like a statute of limitations." *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1327 (8th Cir. 1995). Thus, the court will treat Morton's motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 at 714-21 (3d ed. 2004) ("Since Rule 9(f) makes averments of time material, the inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.").

---

[2] Potter informed Kalis that he was "forced out, but [Potter could not] talk about that." Docket 1 at ¶ 16.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to review the complaint as a whole to determine whether the plaintiff has stated a claim upon which relief can be granted. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). The facts alleged in the complaint must be considered true, and all inferences must be viewed in favor of the nonmoving party. *Strand v. Diversified Collection Serv., Inc.,* 380 F.3d 316, 317 (8th Cir. 2004). The Supreme Court has recently held that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). "A complaint states a plausible claim for relief if its 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Braden,* 588 F.3d at 594 (quoting *Iqbal,* 556 U.S. at 678)).

When "matters outside the pleadings are presented to and not excluded by the court" on a motion to dismiss, the motion "shall be treated as one for summary judgment[.]" Fed. R. Civ. P. 12(b)(6). Certain extraneous materials, including items "necessarily embraced by the pleadings," *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Kushner v. Beverly Enter., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003), are not considered to

4

be outside the pleadings. Because the court makes its determination using only the complaint and the EEOC charge, an item necessarily embraced by the pleadings and a document whose contents are referenced in the complaint, the court will not convert Morton's motion into one for summary judgment under Rule 56.

**DISCUSSION**

Morton argues that Kalis failed to timely file his EEOC charge and thus should be barred from bringing forth his age discrimination action. An EEOC charge must be filed within 180 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d)(1)(A); *McDonnell Douglas*, 58 F.3d at 1327. The court begins its statute of limitations inquiry by determining the date on which the statute of limitations began to run (accrual date). *McDonnell Douglas*, 58 F.3d at 1327-28. The "accrual date is simply the date on which the adverse employment action is communicated to the plaintiff." *Id.* Morton argues that the accrual date here should be October 5, 2011, the date Kalis was advised he was being demoted. The complaint, however, alleges that "Kalis was terminated on November 2, 2011, after receiving a letter from HR that stated that he either resigned or retired." Docket 1 at ¶ 18. Based on this allegation, the inference can be made that Kalis was continuing to work in his demoted position up until November 2, 2011. Therefore, the adverse employment action, i.e., the termination, occurred on November 2, 2011. Kalis

filed his EEOC charge on April 12, 2012, well within the 180-day limitations period.

Morton relies heavily on the fact that the EEOC charge lists only the October 5, 2011, date as the date(s) discrimination took place. This argument aligns more with Morton's failure to exhaust administrative remedies argument. Thus, the court will now address Morton's alternative argument.

"Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005). Pursuing administrative remedies provides "the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward a voluntary compliance and conciliation." *Id.* Proper exhaustion of administrative remedies "gives the plaintiff a green light to bring his or her employment-discrimination claim, along with allegations that are like or reasonably related to that claim[.]" *Id.* Administrative charges are liberally construed for exhaustion of remedies purposes, but the claims of discrimination in the complaint may only be "as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Id.*

Morton argues that Kalis's failure to specifically put the November 2, 2011, termination date in his EEOC charge is fatal to his claim. Although the only date that Kalis listed in his EEOC charge is October 5, 2011, which is the

date when he was demoted, the issue is whether EEOC's investigation of Kalis's claim of discrimination in his complaint could reasonably be expected to result from the administrative charge. *Parisi*, 400 F.3d at 585. The charge states that in "October 2011, [Morton] demoted [Kalis] into a crew supervisor position from a Regional Manager position because of [his] age. As a result, [Kalis] was constructively discharged." Docket 14-2 at 2. An EEOC investigation stemming from Kalis's charge would undoubtedly reveal the date on which Kalis was discharged—November 2, 2011. Thus, Kalis's failure to specifically include the November 2, 2011, date is not fatal to his claim for age discrimination.

Morton's reliance on *Shelton v. Boeing Co.*, 399 F.3d 909 (8th Cir. 2005), is misplaced. In *Shelton*, the plaintiff alleged that the employer refused to rehire him on different occasions following his termination, each refusal constituting a violation of the ADEA. 399 F.3d at 911. The plaintiff indicated in his EEOC charge that he applied for several positions between November 15, 2000, and June 25, 2001. *Id.* The Eighth Circuit Court of Appeals concluded that the plaintiff could not sue on the basis of any incident that occurred after June 25, 2001, because it was "not reasonable to expect the EEOC to look for and investigate such adverse employment actions if they are nowhere mentioned in the administrative charge." *Id.* at 913. Here, Kalis specifically stated in his EEOC charge that he was constructively discharged. It would

certainly be reasonable for the EEOC to look for and investigate the termination that occurred on November 2, 2011, because that was the date of his actual termination. Therefore, Kalis properly exhausted his administrative remedies with respect to putting the EEOC on notice of his November 2, 2011, termination date.

## CONCLUSION

Kalis filed his EEOC charge within the 180-day limitations period required by the ADEA. Further, Kalis exhausted his administrative remedies by putting the EEOC on notice of his November 2, 2011, termination. Accordingly, it is

ORDERED that defendant's motion to dismiss plaintiff's claim for age discrimination (Docket 13) is denied.

Dated January 7, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE